# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MOMENTUM TELECOM, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PEERING PARTNERS COMMUNICATIONS, LLC, a Texas limited liability company; UNIPOINT HOLDINGS, INC., a Delaware corporation; WORLD CALL INTERNET INC., a Texas domestic for-profit corporation; and FEATURE GROUP IP SOUTHEAST, LLC, a Nevada limited liability company,<br><br>    Defendants. | Case No. 2:11-CV-01336-KJD-CWH<br><br>**ORDER** |

Presently before the Court is Plaintiff Momentum Telecom, Inc.'s Motion to Remand (#10). Defendants Peering Partners Communications, LLC and Unipoint Holdings, Inc. (collectively, "Defendants"), filed a joint response in opposition (#12) to which Plaintiff replied (#14). Also before the Court is Defendants Peering Partners Communications, LLC's and Unipoint Holdings, Inc.'s Motion for Leave to File Surreply to Plaintiff's Motion to Remand (#44).

/ / /

/ / /

**I. Background**

Plaintiff filed a complaint in Nevada state court on July 1, 2011 asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. Plaintiff's causes of action stem from the parties' purchase of assets out of the bankruptcy of CommPartners Holding Corporation, et. al ("Debtor"). The specific assets sold by Debtor included Debtor's carrier and hosted services business segments. Initially, on December 13, 2010, the bankruptcy court approved the sale of Debtor's carrier services business unit to Defendants. At that time, Defendants and Debtor entered into a Memorandum of Understanding ("MOU") which would facilitate the "tearing apart" of the carrier services segment (sold to Defendants) from the future sale of the hosted services segment (subsequently sold to Plaintiff) in order to avoid any disruption to customers of either party. The MOU was approved by the bankruptcy court.

On April 5, 2011, Plaintiff and Debtor executed an Asset Purchase Agreement ("APA") for the purchase of Debtor's hosted services assets. Subsequently, on May 4, 2011, the bankruptcy court entered an order ("Hosted Sale Order") authorizing the sale of Debtor's hosted services business segment to Plaintiff. The Hosted Sale Order authorized the sale of Debtor's assets "free and clear of all liens, claims, interests, and encumbrances." Furthermore, the order authorized the "assumption and assignment of certain executory contracts...," including the MOU which the parties now dispute. Pursuant to the MOU, Plaintiff alleges that it was required to provide "telephony" services to Defendants. Defendants in turn were to compensate Plaintiff for the "telephony" services. Plaintiff asserts that it performed its obligation under the MOU and that Defendants failed to provide compensation. Plaintiff alleges that as a result of this breach, it is currently due at least $600,669.00 pursuant to the MOU.

On August 17, 2011, Defendant Peering removed the complaint to federal court alleging that removal was proper under 28 U.S.C. §§ 1332(a)(1), 1334, 1441(a), and 1452. On September 12, 2011, Plaintiff filed the present motion to remand.

**II.  Defendants' Motion for Leave to File Surreply**

As an initial matter, the Court addresses Defendants' Motion for Leave to File Surreply to Plaintiff's Motion to Remand (#44).  Defendants' motion fails to offer a justifiable reason upon which the Court might grant the leave requested.  Defendants argue that Plaintiff raised new arguments in its reply to Defendants' joint response:  (1) that the MOU was an executory contract which was assumed and assigned to Plaintiff by Debtor, and (2) that the attachment of the APA in Plaintiff's reply brief was intended to cause confusion.

Defendants' first argument regarding assignment of the MOU was originally addressed by Plaintiff in reply to Defendants' joint response.  Defendants' joint response argues that Section 365 of the Bankruptcy Code - which determines whether an executory contract may be assumed and assigned - was inapplicable because the MOU is a "purchased asset not a purchased (executory) contract."  Thus, Defendants first raised the issue of whether the MOU is an executory contract.  (#12, p. 9).  Defendants' second contention that attachment of the APA would cause confusion is equally misplaced.  Plaintiff's complaint and motion to remand both reference the APA, thus, attaching the APA as an exhibit was proper.

Finally, contrary to the purpose of and justification for supplemental pleadings, Defendants, in their surreply, raise two new issues.  First, Defendants assert that the MOU could not be an executory contract "because it was a post-petition contract to which Section 365 cannot apply." Neither Defendants' joint response nor Plaintiff's reply discussed the issue involving the timing of an executory contract as defined by the Bankruptcy Code.  Second, Defendants assert a completely original argument that they were not properly noticed of the assignment of the MOU.  Defendants' argument is in direct conflict to statements made in their joint response that indicate that Defendants were properly noticed regarding their rights to assert "cure" claims prior to the Hosted Sale Order. (#12, p. 9).  Since Plaintiff did not raise a new and material point in its reply, Defendants' motion to supplement is denied.

### III. Legal Standard

Federal courts are courts of limited jurisdiction, and a cause of action is presumed to lie outside this limited jurisdiction until the party asserting jurisdiction establishes otherwise. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994). A defendant may remove an action from state court if it could have originally been brought in federal court. 28 U.S.C. § 1441. The defendant has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability are usually resolved against the right of removal and in favor of remanding the case to state courts. See id.; Abada v. Charles Schwab & Co., 68 F. Supp. 2d 1160, 1162 (S.D. Cal. 1999).

### IV. Analysis

#### A. Removal Based on Diversity Jurisdiction

Defendants argue that the Court should find jurisdiction based on diversity. Removal based on diversity jurisdiction requires that the amount in controversy exceed $75,000.00 and that all plaintiffs be diverse from all defendants. 28 U.S.C. §§ 1332(a), (c)(1). Defendants base their jurisdictional assertion on the diverse citizenship as found between Plaintiff, a citizen of the state of Delaware and Alabama, and Peering, a citizen of the state of Texas. However, Plaintiff points out that Plaintiff and Defendant Unipoint are both citizens of the state of Delaware. Thus, Plaintiff is not diverse from all Defendants.

Defendant Peering counters by urging the Court to disregard the other co-Defendants under the fraudulent joinder doctrine and instead consider them as nominal defendants who should not affect the jurisdictional outcome of the lawsuit. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003)(quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). In this case, Defendants have not met their heavy burden of establishing that Defendants Unipoint, Feature Group, and World Call were fraudulently joined to defeat diversity

jurisdiction. All a pleading requires is "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Here, Plaintiff laid out allegations in its complaint that jurisdiction is proper pursuant to the MOU entered into by *all* Defendants. The MOU was entered into by *all* Defendants separately and collectively. In paragraph 21 of the MOU, each Defendant agreed to the exclusive jurisdiction of courts located in Clark County, Nevada "in any action, suit or proceeding arising out of or relation to [the] MOU," where "[Debtor] [is] not a party to such dispute." At the time this complaint was removed, Debtor was not a party to the dispute.

Plaintiff has stated a viable claim against all Defendants and as such, the Court will not consider Defendant Unipoint, Feature Group, or World Call to be fraudulently joined. As Plaintiff and Unipoint are both citizens of the state of Delaware and Unipoint was not fraudulently joined, the Court concludes that there is no diversity jurisdiction in this matter. Defendants have not met the burden of establishing that removal is proper.

B.  Removal Based on Status as a Core Proceeding under 28 U.S.C. § 1334

Defendants urge the Court to exercise jurisdiction over Plaintiff's action because it qualifies as a core proceeding under Title 11 (#1). 28 U.S.C. § 1334. Bankruptcy jurisdiction is governed by 28 U.S.C. § 1334.[1] Core proceedings are those that arise under title 11 or arise in a case under title 11. 28 U.S.C. § 157(b)(1). Although, Section 157(b)(2) provides a non-exhaustive list of core proceedings, generally, core proceedings are those that would not exist outside of bankruptcy. In re Pegasus Gold Corp., 394 F.3d 1189 (9th Cir. 2005). Core proceedings depend on the Bankruptcy Code for their existence and could not proceed in another court. Dunmore v. United States, 358 F.3d 1107, 1114 (9th Cir. 2004). Proceedings are non-core if they do not invoke a substantive right

---

[1] 28 U.S.C. § 1334(a) provides "Except as provided in subsection (b) of this section, the district courts [and the bankruptcy courts as a unit thereof under § 157] shall have original and exclusive jurisdiction of all cases under title 11. (b) ... the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

5

provided by the Bankruptcy Code and do not involve theories that could only arise in a bankruptcy case. Gruntz v. County of L.A., 202 F.3d 1074, 1081 (9th Cir. 2000).

Defendants contend that Plaintiff's claims qualify as a core proceeding because Defendants have a right or defense of recoupment "for amounts due it by Plaintiff, or in the alternative, the **Debtors' bankruptcy estate**" under the MOU "**before it was assigned to Plaintiff**." (emphasis added). Defendants' attempt to create a jurisdictional latch for the Court is perplexing given the Bankruptcy Court's Hosted Sale Order authorizing the "sale of Debtor's…assets [to Momentum] free and clear of all liens, claims, interests, and encumbrances." (Hosted Sale Order, p. 2). Additionally, pursuant to the APA and Hosted Sale Order, Debtor was required to pay all cure amounts that occurred prior to the sale order and to create an escrow account with the proceeds of the hosted services sale for payment of creditor cure/recoupment claims. (APA ¶ 2.7). As such, Defendants may properly bring recoupment claims against Debtor directly for amounts due prior to the Hosted Sale Order. However, Defendants' recoupment claims against Plaintiff will not invoke the Bankruptcy Code in an action comprised of two non-debtors.

Additionally, Defendants dispute that the MOU was a "Purchased Contract" as defined by the Hosted Sale Order. Paragraph 19 of the Hosted Sale Order states that "Debtor [is] hereby authorized in accordance with Sections 105(a) and 365 of the Bankruptcy Code to assume and assign...the Purchased Contracts...free and clear of all Claims[.]" Defendants wish to create an argument where none exists. Specifically, the APA states that "[Momentum] shall acquire…from Sellers…all right, title and interest in…the Contracts of Seller,…[and] the MOU…(collectively, the "Purchased Contracts")." Clearly the APA and Hosted Sale Order include the MOU under the term "Purchased Contracts." Defendants attempt to obscure the clarity of the MOU, APA, and Hosted Sale Order by asserting that the MOU was transferred as an asset and not as a contract pursuant to Section 365. Defendants follow by arguing that because the MOU was not transferred pursuant Section 365, Plaintiff in turn cannot assert the provisions of the Hosted Sale Order pertaining to Purchase Contracts. Defendants, however, fail to provide any legal analysis or factual assertions for the Court

to consider. Instead, the record reflects that at the time the MOU was executed by Defendants and Debtor, Defendants were aware of Debtor's "plans to sell, transfer, and assign to a third-party…the assets related to their business commonly known as the "Hosted Services Segment." (MOU, ¶ B). Furthermore, the APA defines the MOU as a "Purchased Contract" and the Bankruptcy Court properly authorized its assignment to Plaintiff in the Hosted Sale Order.  Moreover, Defendants do not raise an objection suggesting they were not properly noticed of the assignment of the MOU.  As a result, Plaintiff and Defendants became legal parties to the MOU - non-debtor parties, and not bound by the prior action of the Debtor or Debtor's estate.  None of Defendants' theories alleged in its joint response depend on the Bankruptcy Code for their existence.  Thus, nothing in the adversary proceeding comes within the scope of the Court's bankruptcy jurisdiction and removal on that ground is denied.

### C.  Removal Based on "Related to" Bankruptcy Jurisdiction

Alternatively, Defendants argue that the action should be removed from state court in part on the basis of "related to" bankruptcy jurisdiction.  Under 28 U.S.C. § 1334, federal courts have original jurisdiction over claims that are "related to cases under title 11."  The Ninth Circuit has held that a case is "related to" a bankruptcy case if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*," such that "the outcome could alter debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988)(citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original). Once a bankruptcy plan has been confirmed, however, "related to" jurisdiction is limited to cases presenting a "close nexus" to the bankruptcy plan.  In these circumstances, matters that affect "the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." Montana v. Goldin, 394 F.3d 1189, 1194 (9th Cir. 2005).

In their joint reply, Defendants focused on the "any conceivable effect" test rather than the "close nexus" test, declaring that "it is probable – and certainly conceivable – that Defendants' right of recoupment will directly impact the bankruptcy action[.]" As discussed above, Defendants do not have a right of recoupment against Plaintiff for amounts due from Debtor arising under the MOU before it was assigned to Plaintiff.  Moreover, Defendants' attempts to contrive issues of contract interpretation do not obscure the plain language of the Hosted Sale Order.  The requisite close nexus between this case and Debtor's estate does not exist.  The conflict in this case is between two non-debtor parties to a properly assigned contract.  The court order assigned the MOU to Plaintiffs "free and clear of all liens, claims, interest and encumbrances."  Defendants were apprised of the assignment both through the MOU and the Hosted Sale Order.  The outcome of Plaintiff's claim will not alter Debtor's rights, liabilities, options, or freedom of action or in any way impact upon the handling and administration of Debtor's estate.   Accordingly, the Court does not have related to jurisdiction, Defendants have not met the burden of establishing that removal is proper, and the action is remanded to state court.

### D.  Fees and Costs

Plaintiff also moves the Court to award attorney's fees and costs associated with its motion to remand. Where an action is remanded to state court, an award of costs, including attorney's fees, is inappropriate where the defendant's attempt to remove the case to federal court was fairly supportable. See Schmitt v. Ins. Co. of North America, 845 F.2d 1546, 1552 (9th Cir. 1988).  In this case, the short and plain statement of facts raised issues of diversity and bankruptcy jurisdiction. Thus, Defendants' attempt to remove the case to federal court was moderately supportable though Defendants did not meet their burden. Plaintiff's motion for attorney's fees, costs and expenses is denied.

/ / /

/ / /

/ / /

## V. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#10) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Peering Partners Communications, LLC's and Unipoint Holdings, Inc.'s Motion for Leave to File Surreply to Plaintiff's Motion to Remand (#44) is **DENIED**.

DATED this 13th day of January 2012.

_____
Kent J. Dawson
United States District Judge